IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU<br>1700 G Street NW<br>Washington, D.C. 20552<br><br>               Petitioner,<br>v.<br><br>ACCREDITING COUNCIL FOR INDEPENDENT COLLEGES AND SCHOOLS<br>750 First Street NE<br>Suite 980<br>Washington, DC 20002-4223<br><br>               Respondent. | Case No. 15-cv-1838 |

**PETITION TO ENFORCE CIVIL INVESTIGATIVE DEMAND**

On August 25, 2015, the Consumer Financial Protection Bureau (Bureau) issued a civil investigative demand (CID) to Accrediting Council for Independent Colleges and Schools (ACICS). The CID, issued during a nonpublic investigation to determine whether any entity or person has engaged or is engaging in unlawful acts and practices in connection with accrediting for-profit colleges, directed ACICS to appear and provide oral testimony on September 22 and 23, 2015 in Washington, DC, where the company is located, and to provide responses to two interrogatories. ACICS has refused to comply with the CID. Accordingly, the Bureau petitions this Court for an order requiring ACICS to comply with the CID.

1

In support of this petition, the Bureau has separately filed the Declaration of Benjamin Konop and a memorandum of law. In further support, the Bureau alleges as follows:

## JURISDICTION AND VENUE

1. This Court has subject-matter jurisdiction under § 1052(e)(1) of the Consumer Financial Protection Act of 2010 (CFPA). "Whenever any person fails to comply with any civil investigative demand duly served upon him . . . the Bureau . . . may file, in the district court of the United States for any judicial district in which such person resides, is found, or transacts business, and serve upon such person, a petition for an order of such court for the enforcement of this section."[1]

2. Venue is proper because ACICS resides and transacts business in the District of Columbia.

## THE PARTIES

3. The Bureau is an administrative agency of the United States.[2]

4. ACICS is located in and transacts business in the District of Columbia and received a CID issued August 25, 2015, related to a nonpublic investigation by the Bureau.

---

[1] 12 U.S.C. § 5562(e)(1).
[2] 12 U.S.C. § 5491(a).

## SERVICE OF THE CID AND ACICS'S FAILURE TO RESPOND

5. To determine whether there have been violations of "Federal consumer financial law,"[3] § 1052 of the CFPA empowers the Bureau to issue a CID whenever it has reason to believe that any person may have information relevant to a violation.[4] A CID issued by the Bureau may, among other things, require the recipient to give oral testimony and to provide responses to interrogatories.[5]

6. ACICS is an accreditor of for-profit colleges and the Bureau has reason to believe that in that capacity the company has information relevant to the Bureau's investigation.

7. On August 25, 2015, the Bureau issued a CID to ACICS via certified mail at 750 First Street NE, Suite 980, Washington, DC 20002-4223. The CID required ACICS to produce answers to interrogatories by September 18, 2015, and to appear and provide oral testimony on September 22 and 23, 2015.

8. ACICS's counsel confirmed to Bureau counsel that ACICS received the CID.

9. As required by § 1052(c)(2) of the CFPA, the CID contained a Notification of Purpose apprising ACICS that the CID related to the Bureau's investigation to determine whether any entity or other person has engaged or is engaging in unlawful acts and practices in connection with accrediting for-profit colleges, in violation of the CFPA, or any other Federal consumer financial law.[6]

---

[3] 12 U.S.C. § 5481(14).
[4] 12 U.S.C. § 5562(c)(1).
[5] *Id.*
[6] 12 U.S.C. § 5562(c)(2); *accord* 12 C.F.R. § 1080.5.

10. On September 14, 2015, ACICS submitted a petition to set aside or modify the CID (Petition).

11. On October 8, 2015, the Bureau's Director denied the Petition and ordered ACICS to meet and confer with Bureau counsel within 10 days.

12. On October 23, 2015, ACICS submitted to the Bureau a motion to reconsider the denial of its Petition.

13. On October 27, the Bureau notified ACICS's counsel via email that the CFPA and Bureau regulations do not permit motions for reconsideration and that the Bureau's Director would not address ACICS's motion to reconsider the Petition.

14. ACICS has indicated to Bureau counsel that it is not able to discuss setting a date for the hearing, or complying with the other requirements of the CID.

## PRAYER FOR RELIEF

WHEREFORE, the Bureau invokes the aid of this Court and prays:

    a.    for an order directing ACICS to show cause, if there is any, why an order should not be issued directing it to comply with the CID;

    b.    upon the return of ACICS's showing of cause, for an order directing ACICS to comply with the CID within ten days of any such order, or at a later date as may be established by the Bureau;

    c.    for such other relief as this Court deems just and proper.

Dated: October 29, 2015

Respectfully submitted,

ANTHONY ALEXIS (DC Bar No. 384545)
Enforcement Director

JEFFREY PAUL EHRLICH (FL Bar No. 51561)
Deputy Enforcement Director

JOHN WELLS (DC Bar No. 491292)
Assistant Litigation Deputy

s/ Benjamin Konop
BENJAMIN KONOP (Ohio Bar No. 0073458)
KRISTINA BETTS (AZ Bar No. 024859)
Enforcement Attorneys
Consumer Financial Protection Bureau
1700 G Street NW
Washington, D.C. 20552
Phone: 202-435-7265
Fax:  202-435-7329
Email: Benjamin.Konop@cfpb.gov
       Kristina.Betts@cfpb.gov

Attorneys for Petitioner
Consumer Financial Protection Bureau