**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| |
|---|
| CONSUMER FINANCIAL PROTECTION BUREAU |
| Petitioner, |
| v. |
| ACCREDITING COUNCIL FOR INDEPENDENT COLLEGES AND SCHOOLS |
| Respondent. |

Case No. 15-cv-1838-RJL

**ANSWER**

Accrediting Council for Independent Colleges and Schools (ACICS) answers the

Consumer Financial Protection Bureau's (CFPB) petition to enforce civil investigative demand

(ECF No. 1) as set forth below.  ACICS's response to the CFPB's petition is set forth more fully

in its Opposition to the CFPB's Petition to Enforce Civil Investigative Demand.  To the extent

that any allegation in the CFPB's petition is not expressly admitted in this Answer it is denied.

1.      The allegations in this Paragraph are conclusions of law to which no response is

required.  To the extent an answer is required, ACICS does not contest the jurisdiction of this

Court.

2.      The allegations in this Paragraph are conclusions of law to which no response is

required.  To the extent an answer is required, ACICS does not contest venue in this judicial

district.

3.      The allegations in this Paragraph are conclusions of law to which no response is

required.

4.      ACICS admits that it is a 501(c)(3) non-profit accreditation agency that has been

nationally recognized since 1956 by the U.S. Secretary of Education, and has its principal place

of business in the District of Columbia.  ACICS further admits that it received a civil

investigative demand (CID) issued on August 25, 2015 by an attorney for the CFPB.  ACICS

lacks sufficient information or knowledge to admit or deny the remaining allegations in this Paragraph, and on that basis denies them.

5.      The allegations in this Paragraph are conclusions of law to which no response is required.

6.      ACICS admits that it is a 501(c)(3) non-profit accreditation agency that has been nationally recognized since 1956 by the U.S. Secretary of Education.  ACICS lacks sufficient information or knowledge to admit or deny the remaining allegations in this Paragraph, and on that basis denies them.

7.      ACICS admits that it received a CID that was issued on August 25, 2015 and sent via certified mail to ACICS at 750 First Street NE, Suite 980, Washington, DC 20002-4223. ACICS further admits that the CFPB propounded interrogatories and sought an investigational hearing noticed for September 22 and 23, 2015.  ACICS denies that it is required to comply with the CID for the reasons stated in its Opposition to the CFPB's Petition to Enforce Civil Investigative Demand.

8.      Admitted.

9.      ACICS admits only that the CID contained a Notification of Purpose.  ACICS denies that the purported purpose of the investigation or the Notification of Purpose was proper and enforceable.  The remaining allegations in this Paragraph are conclusions of law to which no response is required.

10.     Admitted.

11.     Admitted.

12.     Admitted.

13.     ACICS admits that its counsel received an email from the CFPB claiming that CFPB regulations do not permit motions for reconsideration and that the CFPB Director would not address ACICS's motion to reconsider.  ACICS denies that the CFPB's refusal to consider ACICS's motion to reconsider was proper.

14.     Denied.

## Prayer for Relief

ACICS denies that the CFPB is entitled to any relief whatsoever, and requests that the Court denies the petition to enforce the CID, and award all such other relief as is just and appropriate.

## AFFIRMATIVE DEFENSES

### First Defense

The CFPB lacks the authority to investigate the matters set forth in the Petition.

### Second Defense

The CFPB lacks the authority to issue a CID to an accrediting agency recognized by the Department of Education.

### Third Defense

The CID seeks information that is not reasonably relevant to any lawful investigation.

### Fourth Defense

The CID is unreasonably burdensome.

### Fifth Defense

Compliance with the CID threatens to unduly disrupt or seriously hinder normal operations of ACICS.

Respectfully submitted,

/s/ Allyson B. Baker
Allyson B. Baker (# 478073)
Benjamin E. Horowitz (# 1017262)
Andrew T. Hernacki (D.C. Bar No. 1024442, *pro hac vice forthcoming*)
Venable LLP
575 7th Street, N.W.
Washington, DC 20004-1601
Telephone:  (202) 344-4000
Facsimile:  (202) 344-8300
Email:  abbaker@venable.com
            behorowitz@venable.com

***Counsel for Defendant Accrediting Council for Independent Colleges and Schools***

Date: December 2, 2015

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 2nd day of December, 2015, I caused the foregoing to be served via ECF upon all counsel of record, as follows:

Benjamin Konop, Esq.
Kristina Betts, Esq.
Enforcement Attorney
Consumer Financial Protection Bureau
1700 G Street NW
Washington, D.C. 20552
Phone: 202-435-7265
Email: benjamin.konop@cfpb.gov
        Kristina.Betts@cfpb.gov

/s/ Allyson B. Baker
Allyson B. Baker