## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU<br>　　　　　　　Petitioner,<br><br>v.<br><br>ACCREDITING COUNCIL FOR INDEPENDENT COLLEGES AND SCHOOLS<br>　　　　　　　Respondent. | Case No. 15-cv-1838-RJL |

## BRIEF OF AMICUS CURIAE IN OPPOSITION TO THE CFPB'S PETITION TO ENFORCE CIVIL INVESTIGATIVE DEMAND

Accrediting Council for Continuing Education and Training, Inc. ("ACCET"), Accrediting Bureau of Health Education Schools, Inc. ("ABHES"), Distance Education Accrediting Commission ("DEAC"), Council on Occupational Education ("COE"), National Accrediting Commission of Career Arts and Sciences ("NACCAS"), and Council for Higher Education Accreditation ("CHEA"), (collectively "the filing parties"), as *amici curiae*, by and through their undersigned counsel, submit the following in opposition to the Consumer Financial Protection Bureau's ("Bureau" or "CFPB") petition for an order requiring the Accrediting Council for Independent Colleges and Schools ("ACICS") to comply with the CFPB's August 25, 2015 civil investigative demand ("CID").

### Introduction

Most of the filing parties are accreditors and are thus similarly situated to ACICS and perform essentially the same functions for their institutional members as ACICS performs for its members. The only non-accreditor among the filing parties, CHEA, is national advocate and institutional voice for promoting academic quality through accreditation. It is the largest institutional higher education membership organization in the United States. The filing parties

1

therefore have a substantial interest in the actions being taken by CFPB against ACICS, as those actions will not only impact the operations of ACICS, but will have a direct impact on the system of accreditation as a whole and the manner in which all accrediting bodies perform their significantly-regulated functions.  It is critical for the Court to consider the magnitude of CFPB's attempt to insert itself into the realm of accreditation oversight, and it is for that purpose that the filing parties submit this brief.  The filing parties fully support and join the arguments set forth by ACICS in its Opposition, and offer the additional perspectives set forth herein to assist the Court in fully considering the scope of CFPB's actions.

**A.**     **CFPB's Attempted Intrusion Into Accrediting Agency Decisions Threatens The Viability Of The Long-Standing Peer Review Process**

By statute, accrediting agencies "ensure that the courses or programs of instruction, training, or study offered by the institution of higher education, . . . are of sufficient quality to achieve, for the duration of the accreditation period, the stated objective for which the courses or the programs are offered."   20 U.S.C.  §  1099b(a)(4)(A).   Each accrediting agency is independently responsible for assessing numerous aspects of an institution, including, but not limited to, the success of student achievement in relation to the institution's mission, curricula, faculty, and facilities; fiscal and administrative capacity; student support services; recruiting and admissions; academic calendars, catalogs, and publications; and records of the institution's complaints and compliance. *Id.* § 1099(b)(a)(5).

Accreditation is a process of peer review in which an institution applies for accreditation to an accrediting body, which may accredit the institution for a period of time based on evaluation of the institution's compliance with a series of criteria.  *See Peoria School of Business, Inc. v. Accrediting Council for Continuing Educ. & Training,* 805 F. Supp. 579 (N.D. Ill. 1992); *Parsons College v. North Cent. Ass'n of Colleges and Secondary Schools,* 271 F.

Supp. 65, 73 (N.D. Ill 1967). Accrediting agencies rely on volunteer participation by qualified evaluators to meticulously review the operations of accredited institutions to ensure that those institutions are in compliance with all accreditation criteria. The launch of a federal investigation by CFPB has the potential to significantly hamper accrediting agencies' ability to perform their functions, as individual volunteers may not want to be exposed to unbounded CFPB action. The established framework for oversight by the Secretary is well-known and clearly defined. CFPB's initiation of a probe into accreditation, however, is completely open-ended and unpredictable. Accreditation evaluators will be justifiably hesitant to involve themselves in a process that includes an unrestrained and indiscriminate risk of being pulled into a federal investigation. The accreditation process operates within well-known parameters, and CFPB's actions in this matter fall far outside of those parameters, and those actions should therefore be stopped.

**C.    The Functions Of The Accrediting Bodies Do Not Include Consumer Financial Products Or Services**

As is set forth in ACICS's Opposition and supporting materials, CFPB's jurisdiction is limited to matters involving consumer financial laws. *See* ACICS Opposition at pp. 6 – 15 and Declaration of Dennis M. Cariello at ¶¶ 17 - 21. Like ACICS, the filing parties do not engage in consumer lending, do not provide substantial assistance in connection with financial products or services, and do not otherwise engage in conduct that falls within the scope of consumer financial laws. CFPB, therefore, has no jurisdiction over accrediting bodies.

Accrediting bodies do not assist or support their accredited institutions in procuring and maintaining loan grants from the Department of Education, and they do not provide any service to their accredited institutions in connection with their financial aid and loan programs. Rather, accrediting bodies deal with the educational quality of the institutions and not the lending

process.   It is the Department of Education that, by statute, independently determines the eligibility of an institution of higher education to participate in federal funding programs.  *See* 20 U.S.C. § 1099c.  It is a far stretch to assert, as CFPB does in this action, that accrediting agencies have any involvement in consumer financial products or services when the statutory scheme and detailed regulations clearly establish that the accrediting agencies do not play that role.

ACICS thoroughly addresses the lack of financial involvement by accrediting agencies in its Opposition.  Accordingly, the filing parties need only affirm here that the positions and arguments set forth in the ACICS Opposition apply equally to the accrediting bodies represented herein, and yield the conclusion that CFPB has no authority to pursue its investigation.

## Conclusion

Accreditation of institutions of higher education is fully regulated and the existing process of oversight of accrediting agencies is thorough and active.  CFPB has no role in that process and the action it is attempting to take only serves to undermine the effectiveness of the accreditation process.  Significantly, CFPB's efforts to investigate ACICS will not only impact that body, but will greatly impact all accrediting bodies in the field.  CFPB's actions exceed its own jurisdiction, and intrude upon the jurisdiction of the Department of Education.  For all of the reasons set forth herein, as well as those set forth in the Opposition filed by ACICS, the filing parties respectfully request that CFPB's Petition be denied.

Respectfully Submitted,


 /s/ Michael C. Gartner
Michael C. Gartner, Esq. (D.C. Bar No. 464756)
WHITEFORD, TAYLOR & PRESTON, LLP
3190 Fairview Park Drive, Suite 300
Falls Church, Virginia 22042
(703) 280-9260 (voice)
(703) 280-9139 (facsimile)
mgartner@wtplaw.com
***Counsel for Amici Curiae***

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of January, 2016, I caused the foregoing to be served via ECF upon all counsel of record, as follows:

Allyson B. Baker, Esquire
Benjamin E. Horowitz, Esquire
Venable LLP
575 7th Street, N.W.
Washington, DC 20004-1601
Telephone:  (202) 344-4000
Facsimile:  (202) 344-8300
Email: abbaker@venable.com
       behorowitz@venable.com

Benjamin Konop, Esq.
Kristina Betts, Esq.
Enforcement Attorney
Consumer Financial Protection Bureau
1700 G Street NW
Washington, D.C. 20552
Phone: 202-435-7265
Email: benjamin.konop@cfpb.gov
       Kristina.Betts@cfpb.gov


 /s/ Michael C. Gartner
Michael C. Gartner

*103752*